Wyly, J.
This is a controversy between Edward J. Gay & Co., privilege creditors for $1847 43, and the Citizens’ Bank, a conventional mortgage creditor for $6000, for the balance of the proceeds remaining *244 after the payment of plaintiff’s mortgage, under which the Felicité plantation, belonging to the defendant, was sold on the seventh of June, 1873.
Plaintiff bought the mortgaged property for $20,500, and after satisfying its own judgment, costs-and taxes, there remained $2339 69, which plaintiff retained to pay the proportion of taxes on said property for 1873 up to-the time of the adjudication, and to be applied to such privilege and mortgage creditors as might be entitled to it.
It is conceded that plaintiff is entitled to apply $284 90 of the fund on hand to the payment of the taxes,for 1873, leaving $2054 79 as the sum in controversy between Edward J. Gay & Co. and the Citizens’ Bank.
The court below decided that Edward J. Gay & Co. are entitled to a preference over the Citizens’ Bank in the distribution of this fund, and the Citizens’ Bank has appealed.
Edward J. Gay & Co. moved to dismiss the appeal :
First — Because appellant abandoned its suspensive appeal and, therefore, had no right to take this devolutive appeal.
Second — Because the sheriff has not been cited.
Third — Because the certificate of the clerk to the transcript is not sufficient.
Appellant gave no bond under the order for a suspensive appeal,'but gave bond after getting an order for a devolutive appeal. This was not an abandonment of an appeal. There is no appeal until the bond is given, it matters not how many orders of appeal have been granted. 20 An. 236.
As the sheriff is a mere depositary of the funds sought to be distributed, he has no interest in the controversy, and need not be made a party to this appeal. 20 An. 283; 1 An. 205; 2 An. 232; 5 An. 668; 11 An. 486. .
The defect in the clerk’s certificate to the transcript has been corrected under a writ of certiorari issued by this court.
The motion is therefore denied.